**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 10**

Docket No. CB-7121-17-0001-V-1

**Traci Scanlin,**

**Appellant,**

**v.**

**Social Security Administration,**

**Agency.**

May 10, 2022

Patricia J. McGowan, Esquire and Sophie Gage, Esquire, Baltimore, Maryland, for the appellant.

David B. Myers, New York, New York, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1      The appellant has filed a request for review of an arbitration decision concerning her removal, which the arbitrator mitigated to a suspension.  For the reasons set forth below, we DISMISS the request for review for lack of jurisdiction.

BACKGROUND

¶2      Effective July 21, 2015, the agency removed the appellant from her position as a Claims Representative based on charges of falsely attesting claims and gross negligence in the performance of duties.  Request for Review (RFR) File, Tab 1

at 101-10.  On behalf of the appellant, her union filed a grievance, which the agency denied, and later invoked arbitration.  *Id.* at 33, 111-15.  On September 1, 2016, the arbitrator issued a decision, finding that the agency proved its charges, but reducing the penalty to a time-served suspension.  *Id.* at 14-47.

¶3     On October 1, 2016, the appellant filed the instant request for review of the arbitrator's decision.  *Id.* at 1-13.  Among other things, the appellant asserted that the Board has jurisdiction over the arbitration decision because she raised allegations of disability discrimination in her grievance.  *Id.* at 9-10.  The agency filed a response asserting, inter alia, that the Board lacks jurisdiction over the matter because the appellant failed to raise allegations of discrimination before the arbitrator.  RFR File, Tab 4 at 6-9.

## ANALYSIS

¶4     As explained in our acknowledgment order, it is the appellant's burden of proving that the Board has jurisdiction over this matter by preponderant evidence. RFR File, Tab 2 at 2; *see* 5 C.F.R. § 1201.56(b)(2)(i)(A).  As further explained, the Board has jurisdiction over a request for review of an arbitration decision when the following conditions are met:

> (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued.

RFR File, Tab 2 at 2; *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); *see* 5 C.F.R. § 1201.155(a)(1),(c).[1]

¶5 Here, conditions (1)[2] and (3) are satisfied. RFR File, Tab 1 at 14-47, 101-10, Tab 4 at 7 n.3. But, we find that the appellant failed to meet her burden concerning condition (2). The relevant negotiated grievance procedure permits allegations of discrimination. RFR File, Tab 4 at 435-39. The appellant alleges that she raised allegations of discrimination in her grievance with the agency. RFR File, Tab 1 at 9-10. In that grievance, the appellant asserted that her "Weingarten interview was held under harsh conditions that affected her mental health" and that the meeting generally violated agency policy prohibiting disability discrimination. *Id.* at 111-15. However, to satisfy condition (2), it was incumbent upon the appellant to prove that she raised discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator. *Jones*, 120 M.S.P.R. 480, ¶ 8.

¶6 With her request for review, the appellant included her brief to the arbitrator. RFR File, Tab 1 at 49-82. In it, the appellant alluded to discrimination only by asserting that the issue to be decided was "[w]hether the [a]gency's [a]ctions [v]iolated [f]undamental [d]ue [p]rocess, the [collective bargaining agreement] and [w]ere [d]iscriminatory." *Id.* at 58. The brief

---

[1] Because there is no dispute that the collective bargaining agreement in this case permitted the appellant to raise her claims before an arbitrator, we need not address the jurisdictional standard for those cases in which an employee does not have that right. *See Parks v. Smithsonian Institution*, 39 M.S.P.R. 346, 349 (1988) (noting that "[t]he final decision rendered pursuant to a negotiated grievance procedure, which is then appealable to the Board under 5 U.S.C. § 7121(d), is the arbitrator's decision in cases where the grievance procedure provides for arbitration as the last resort"); 5 C.F.R. § 1201.155(c) (indicating that the Board will review only those claims of discrimination that were raised "in the negotiated grievance procedure").

[2] The appellant's removal, which was the subject matter of the grievance, is an action appealable to the Board under chapter 75 of title 5 of the United States Code. 5 U.S.C. §§ 7512(1), 7513(d).

contained other substantive and lengthy arguments, including ones concerning due process, harmful error, and the reasonableness of the penalty. *Id.* at 59-81. However, it did not elaborate on the generic reference to discrimination. With her request for review, the appellant also included the arbitration decision, which recognizes the aforementioned assertion concerning the issues, but similarly fails to address discrimination in any substantive way. *Id.* at 14-47. The appellant has not identified and we were unable to locate any further details about possible discrimination claims presented to the arbitrator, even after considering the hearing transcript provided by the agency. RFR File, Tab 4 at 16-432. Therefore, we find that the appellant has failed to meet her burden. The generic posing of the question, "was the removal discriminatory," without more, is insufficient for purposes of proving that she raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action. *Cf. Bennett v. National Gallery of Art*, 79 M.S.P.R. 285, 294-95 (1998) (finding that a general allegation of national origin discrimination prohibited by section 2302(b)(1) was sufficient for purposes of Board jurisdiction over an arbitration decision, irrespective of whether the allegation was nonfrivolous).[3] We find that, because the appellant could have raised a discrimination claim before the arbitrator, but has not proven that she did so, the Board lacks jurisdiction over her request for review.

---

[3] The *Bennett* decision relies on an old jurisdictional standard that no longer applies. *See Bennett*, 79 M.S.P.R. at 295. Specifically, the standard applicable at that time merely required that the appellant allege discrimination prohibited by section 2302(b)(1). *Id.* The current standard requires that the appellant "raise[] a claim of discrimination under 5 U.S.C. § 2302(b)(1) *with the arbitrator* in connection with the underlying action." *Jones*, 120 M.S.P.R. 480, ¶ 8 (emphasis added).

**ORDER**

¶7      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

**NOTICE OF APPEAL RIGHTS**

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.