**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LAURA WILSON,

        Appellant,

        v.

SOCIAL SECURITY
  ADMINISTRATION,

        Agency.

DOCKET NUMBER
CB-7121-22-0006-V-1

DATE: May 4, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laura Wilson, Sun City, Arizona, pro se.

Sundeep R. Patel, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a request for review of an arbitrator's decision that denied her grievance of her removal. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

appellant's request for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.155(b).

## BACKGROUND

¶2        The appellant was formerly employed as a Claims Specialist with the agency.  Request for Review (RFR) File, Tab 1 at 1.  On January 10, 2022, she filed an appeal challenging an arbitration decision with the Board's Denver Field Office, and it was forwarded to the Office of the Clerk of the Board for docketing as a request for review of an arbitrator's decision.  RFR File, Tab 2 at 1.  The appellant's request included a copy of the Board's standard appeal form, a removal proposal letter, a copy of a December 7, 2021 order from a Magistrate Judge for the U.S. District Court for the District of Arizona, and other documents seemingly related to her grievance.  RFR File, Tab 1.  In her initial request for review, the appellant asserted that the agency "mislead [her] in the next steps after Arbitration as [she] was notified on 12/7/2021 by the Judge in the U.S. District Court of Appeals in Arizona that [she] needed to file MSPB on the Arbitrator[']s decision."  *Id.* at 5.  Further, the December 7, 2021 Magistrate Judge's order identified that the arbitrator issued a decision denying the appellant's grievance on June 4, 2020.  *Id.* at 108.  However, the appellant's submission did not include a copy of the arbitrator's decision.

¶3        The Office of the Clerk of the Board issued an acknowledgment order that set forth the jurisdictional and timeliness requirements that the appellant must meet to obtain review of the arbitration decision.  RFR File, Tab 2 at 2-3.  It ordered the appellant to file evidence and argument to prove that the Board has jurisdiction over the request for review and that the request for review was timely and/or there existed good cause for any delay in filing her request for review.  *Id.* at 2-4.  The appellant did not respond to the acknowledgment order, and the agency did not submit a response to the appellant's request for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's request for review is untimely filed without good cause shown for the delay.</u>

¶4    The Board has jurisdiction over a request for review of an arbitration decision when the following conditions are met:  (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued.  *Scanlin v. Social Security Administration*, 2022 MSPB 10, ¶ 4; 5 C.F.R. § 1201.155(a)(1), (c); *see* 5 U.S.C. § 7121(d).  Further, a request for review of an arbitrator's decision is timely if filed 35 days from the issuance of the arbitration decision or, if the appellant shows that she received the decision more than 5 days after it was issued, within 30 days after the date she received the decision. *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 4 (2013); 5 C.F.R. § 1201.155(b).

¶5    The appellant failed to respond to the acknowledgment order regarding timeliness and failed to include a copy of the final arbitration decision with her request for review.  However, as indicated above, the Magistrate Judge's order identified June 4, 2020, as the date the arbitrator issued a decision denying the appellant's grievance.  Further, there is additional evidence pertaining to the timeliness of her request for review.  Prior to forwarding the appellant's request for review to the Board, an administrative judge in the Denver Field Office initially docketed the appeal as an appeal of the agency's removal decision, and the parties submitted pleadings to the record in that appeal.  *Wilson v. Social Security Administration*, MSPB Docket No. DE-0752-22-0084-I-1, Initial Appeal File (0084 IAF), Tabs 1, 10.  One such pleading included a copy of the agency

removal decision letter and the June 4, 2020 final arbitration decision denying the appellant's grievance. 0084 IAF, Tab 7 at 6-56.

¶6 As set forth in the January 30, 2019 removal decision, the agency removed the appellant based on a charge of misuse of official time with one specification, a charge of failure to follow instructions with two specifications, and a charge of lack of candor with three specifications. 0084 IAF, Tab 7 at 6-12. The removal decision informed the appellant of her options for contesting the agency action. *Id.* at 8-12. The appellant's union grieved the removal action, and agency management denied the grievance. RFR File, Tab 1 at 114-29. The union subsequently invoked arbitration on the appellant's behalf, and following a hearing, the arbitrator issued a decision on June 4, 2020, denying the appellant's grievance. 0084 IAF, Tab 7 at 13-56. Because the appellant does not claim that she received the arbitration decision more than 5 days after the June 4, 2020 decision was issued, she should have filed a request for review with the Board by July 9, 2020; thus, her request was untimely by approximately 1 year and 6 months.

¶7 The appellant has the burden of proving by preponderant evidence that the request was timely filed with the Board. 5 C.F.R. § 1201.56(b)(2)(i)(B). The Board will dismiss an untimely request unless the appellant establishes good cause for the delayed filing. *Kirkland*, 119 M.S.P.R. 74, ¶ 5. To establish good cause, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.*; *see Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of the excuse and the showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to timely file the request for review. *Kirkland*, 119 M.S.P.R. 74, ¶ 5; *see Moorman v.*

*Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8      As previously noted, the acknowledgment order informed the appellant that a request for review of an arbitration decision is timely if it was filed 35 days from the issuance of the decision or, if the decision was received more than 5 days after it was issued, within 30 days after the date of receipt. RFR File, Tab 2 at 3. It ordered her to provide evidence and argument on the issue of timeliness and warned her that noncompliance could result in dismissal of her request for review, and the appellant failed to respond to the order and to include a copy of the final arbitration decision with her request for review. *Id.* at 1, 3. Consequently, the appellant has failed to show good cause for her filing delay. *See Beckley v. U.S. Postal Service*, 43 M.S.P.R. 397, 399 (1990) (noting that in the interest of judicial efficiency and fairness, regardless of how minimal the delay, the Board will not waive its timeliness requirements in the absence of good cause shown).

¶9      Nevertheless, an agency's failure to notify an employee of her Board appeal rights when such notification is required generally constitutes good cause for late filing. *Kirkland*, 119 M.S.P.R. 74, ¶ 6. The Board has also made clear that the agency's notice must be explicit and must, among other things, inform the employee "[w]hether there is any right to request Board review of a final decision on a grievance in accordance with" the provisions governing requests for Board review of arbitrators' decisions. *McCurn v. Department of Defense*, 119 M.S.P.R. 226, ¶ 11 (2013); *Kirkland*, 119 M.S.P.R. 74, ¶ 8.[3] Thus, when an agency provides inadequate notice of Board appeal rights, the appellant is not required to show that she exercised due diligence in attempting to discover her appeal rights

---

[3] As noted in *McCurn*, the Board revised its regulations after *Kirkland* was issued, but the revision did not change an agency's obligation to explicitly inform an appellant of her right to request Board review of an arbitration decision within 35 days of issuance. *McCurn*, 119 M.S.P.R. 226, ¶ 11 n.5.

but rather must show diligence in filing the appeal after learning that she could. *McCurn*, 119 M.S.P.R. 226, ¶¶ 12-13; *Kirkland*, 119 M.S.P.R. 74, ¶ 6.

¶10    Unlike in *McCurn* and *Kirkland*, the agency explicitly advised the appellant in its removal decision of her right to request review of the final arbitration decision on her grievance to the Board. Specifically, the removal decision provides a roadmap for pursuing a grievance raising a claim of illegal discrimination from the pre-arbitration stage through a request for Board review. 0084 IAF, Tab 7 at 8-9. Thus, the appellant cannot establish that good cause exists for her untimeliness based on the agency's failure to notify her of her right to request review of the arbitration decision with the Board.[4]

¶11    Finally, to whatever extent the appellant appears to allege that her union representative's failure to notify her of her right to request review of the arbitration decision with the Board is the cause of her untimeliness, it is well settled that an appellant is responsible for the errors of her chosen representative. *See, e.g.*, *Miller v. Department of Homeland Security*, 110 M.S.P.R. 258, ¶ 11 (2008); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981); *cf. McCurn*, 119 M.S.P.R. 226, ¶ 13 (acknowledging the well-settled principle that an appellant is responsible for the errors of his representative and clarifying that the critical issue in that case was not the appellant's attorney's failure to inform the appellant of his Board appeal rights but the agency's failure to give the appellant proper notice of his right to request review of the arbitration decision before the Board). Aside from her bare assertion that she was misled regarding the next steps after the arbitration decision, the appellant has not provided any additional evidence or argument suggesting that her untimeliness was the product of deception, negligence, or malfeasance by her representative. *See Hamilton v.*

---

[4] In *McCurn*, 119 M.S.P.R. 226, ¶ 11 n.6, the Board made clear that its regulations do not impose on arbitrators an obligation to notify appellants of their right to further appeal in matters subject to Board review. Consequently, the arbitrator's failure to provide such notice here also does not establish good cause for the appellant's untimely filing. 0084 IAF, Tab 7 at 13-56.

*Department of Homeland Security*, [117 M.S.P.R. 384](), ¶ 13 (2012) (finding that the appellant's claim of receiving misguided advice from his attorney was unpersuasive because he is responsible for the errors of his chosen representative); *cf. Pacilli v. Department of Veterans Affairs*, [113 M.S.P.R. 526](), ¶ 13 (explaining that, although an appellant generally is responsible for the errors of his chosen representative, an exception may lie when the appellant establishes that her diligent efforts to prosecute an appeal were thwarted without her knowledge by her attorney's deceptions, negligence, or malfeasance), *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010).

¶12    Accordingly, we dismiss the appellant's request for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the appellant's request for review of the arbitration decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. [5 U.S.C. § 7703](a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.