**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RAFAEL ARROYO,
          Appellant,

      v.

SOCIAL SECURITY
    ADMINISTRATION,
          Agency.

DOCKET NUMBER
CB-7121-21-0018-V-1

DATE: April 2, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Suzanne Pillari, Esquire, Syracuse, New York, for the appellant.

Fergus Kaiser, Esquire, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of an arbitration decision that mitigated his removal to a time-served suspension. For the reasons set forth below, we DISMISS the request for review for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

Effective October 11, 2018, the agency removed the appellant from his position as a Claims Specialist based on the charges of conduct unbecoming of a Federal employee and absence without official leave. Request for Review (RFR) File, Tab 1 at 34-42. The appellant's union filed a grievance on his behalf, which the agency denied, and the union invoked arbitration. *Id.* at 43-52. On June 22, 2021, the arbitrator issued an award finding that the agency did not have just cause to remove the appellant and ordering the agency to reinstate the appellant, with the time between his removal and reinstatement to be considered a disciplinary suspension with no back pay. *Id.* at 71-79.

On July 22, 2021, the appellant filed the instant request for review of the arbitrator's award. *Id.* at 1-15. The appellant asserts, among other things, that the Board has jurisdiction to review the arbitration decision because he alleged reprisal and because he raised issues under Article 18 of his collective bargaining agreement (CBA), entitled "Equal Employment Opportunity," on his "Standard Grievance Form," "during testimony," and "in the Union's requested findings in the associated Post-Hearing Brief." *Id.* at 9-11, 43-45, 53-70, 80-89. The agency has filed a response asserting, among other things, that the Board lacks jurisdiction over this matter because the appellant failed to raise allegations of discrimination before the arbitrator and has not even identified the type of discrimination he is claiming, and because his claim of reprisal is not covered. RFR File, Tab 4 at 6-10.

**ANALYSIS**

As explained in our acknowledgement order, the appellant has the burden of proving by preponderant evidence that the Board has jurisdiction over his request for review. RFR File, Tab 2 at 3; *see* 5 C.F.R. § 1201.56(b)(2)(i)(A). As we further explained, the Board has jurisdiction over a request for review of an arbitration decision if (1) the subject matter of the grievance is one over which

the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued. RFR File, Tab 2 at 2; *see Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); *see* 5 C.F.R. § 1201.155(a)(1), (c).

Here, we find that conditions (1)[2] and (3) are satisfied. RFR File, Tab 1 at 44, 73-79. However, we conclude that the appellant failed to meet his burden as to condition (2). As noted above, the appellant alleges that he raised a claim of discrimination before the arbitrator by raising Article 18 of the CBA on his "Standard Grievance Form," during testimony, and in his post-hearing brief. *Id.* at 10, 43-45, 53-70. But the appellant's reliance on his grievance form to the agency, which simply cites Article 18, is misplaced. *Id.* at 44. To satisfy condition (2), it was incumbent upon the appellant to prove that he raised discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator. *See Jones*, 120 M.S.P.R. 480, ¶ 8; *see also Scanlin v. Social Security Administration*, 2022 MSPB 10, ¶ 5 (finding unavailing the appellant's assertion that she had raised a claim of disability discrimination in her grievance with the agency because the jurisdictionally dispositive issue was whether she had raised discrimination with the arbitrator).

Although the appellant also claims that Article 18 was "addressed extensively during testimony," he has not submitted any testimony with his request for review, and the record does not contain any such evidence. RFR File, Tab 1 at 10. With respect to his post-hearing brief to the arbitrator, the appellant only alleges he "raised issues under the [CBA] at Article 18 (Equal Employment

---

[2] The appellant's removal, which was the subject matter of the grievance, is an action appealable to the Board under chapter 75 of Title 5 of the United States Code. 5 U.S.C. §§ 7512(1), 7513(d).

Opportunity) . . . in the Union's requested findings in the associated Post-Hearing Brief." *Id.* The appellant provided the Board with a copy of his post-hearing brief, and, in the brief, he simply requested that the arbitrator find that the agency failed to show that its removal decision "was issued with just cause and within contractual parameters given violations of Article 3, Sections 1, 2(A); Article 23; Article 31, Section 5; and Article 18." *Id.* at 55. The appellant did not elaborate on the relevancy of Article 18, raise any sort of issue of discrimination relative to a violation of Article 18, or even discuss discrimination in any other way. We do not find that, at most, a mere allusion to discrimination via Article 18 shows that the appellant raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator, as required. *See Scanlin*, 2022 MSPB 10, ¶ 6 (finding that the generic posing of the question, "was the removal discriminatory," without more, was insufficient to prove that the appellant raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator).

With respect to the appellant's brief assertion that he also raised issues of reprisal in this case, we note that in the appellant's post-hearing brief, he also stated "[i]f it is determined that the [a]gency acted in a discriminatory manner and in retaliation against the [g]rievant for his Union role, the arbitrator is asked to consider and award compensatory damages as appropriate pursuant to the applicable EEOC retaliation provisions." RFR File, Tab 1 at 10, 56. However, a claim that the agency discriminated and/or retaliated against the appellant based on his union activity does not fall under the purview of 5 U.S.C. § 2302(b)(1). *See* 5 U.S.C. § 2302(b)(1)(A)-(E). Thus, the appellant's arguments are unavailing.

We note that the appellant also provided the Board with a copy of the arbitrator's decision, which states at the outset that "[t]he sole issue [in the case] is the standard issue in such matters: Was the removal for just cause?" and "If not, what shall be the remedy." RFR File, Tab 1 at 74 (internal quotations

omitted). The arbitrator's decision does not address or even mention discrimination under 5 U.S.C. § 2302(b)(1) in any substantive way.[3]

Accordingly, we find that the appellant has failed to meet his jurisdictional burden of proving that he raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action. Because the appellant could have raised a claim of discrimination before the arbitrator but has not proven that he did so, the Board lacks jurisdiction over his request for review.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] During the arbitrator's discussion of the charge of conduct unbecoming of a Federal employee, which concerns the agency's allegation that the appellant yelled at a supervisor, the arbitrator discussed an ensuing shouting match and noted: "Certainly it was loud, probably infused with vulgarities, but without racial/religious/ethnic/sexual insults." RFR File, Tab 1 at 75. This appears to simply be a description of the incident, as there is no other indication that the appellant argued, or the arbitrator considered, the issue of discrimination with respect to this charge.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.**  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.