# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TANYA TAYLOR,
                Appellant,

      v.

DEPARTMENT OF COMMERCE,
                Agency.

DOCKET NUMBER
CB-7121-23-0003-V-1

DATE: July 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tanya Taylor, White Plains, Maryland, pro se.

Kristin Murrock, Suitland, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a request for review of an arbitrator's decision that denied her grievance of her removal. For the reasons set forth below, we DISMISS the appellant's request for review for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was formerly employed as a GS-13 Budget Analyst with the U.S. Census Bureau. Request for Review (RFR) File, Tab 1 at 9. Effective June 28, 2021, the agency removed the appellant based on charges of receipt of pay for time not worked, absence without leave, and failure to pay government issued travel card balance as required. RFR File, Tab 1 at 309. The appellant's union filed a grievance on her behalf, and the matter proceeded to arbitration. *Id.* at 314-29, 331-34. On September 12, 2022, the arbitrator issued a decision denying the appellant's grievance in its entirety. *Id.* at 329.

On December 1, 2022, the appellant filed an appeal challenging the arbitration decision with the Board's Washington Regional Office, and it was forwarded to the Office of the Clerk of the Board for docketing as a request for review of an arbitrator's decision. RFR File, Tabs 1-3. In her request for review, she asserted that the agency engaged in prohibited personnel practices and coerced and bullied her into a confession. RFR File, Tab 1 at 6. She also alleged that the State of Maryland had determined that her removal was not supported by preponderant evidence. *Id.*

The Office of the Clerk of the Board issued an acknowledgment order that set forth the jurisdictional and timeliness requirements that the appellant must meet to obtain review of the arbitration decision. RFR File, Tab 4 at 2-3. It ordered the appellant to file evidence and argument to prove that the Board has jurisdiction over the request for review and that the request for review was timely or there existed good cause for any delay in filing her request for review. *Id.* The appellant has responded, RFR File, Tab 5, the agency has responded in opposition, RFR File, Tab 7, and the appellant has replied to the agency's response, RFR File, Tab 8.[2]

---

[2] We need not address the timeliness of the appellant's request for review in light of our decision to dismiss the appellant's request for lack of jurisdiction.

**ANALYSIS**

The appellant has the burden of proof, by preponderant evidence, that the Board has jurisdiction over her request for review. *Scanlin v. Social Security Administration*, 2022 MSPB 10, ¶ 4; *see* 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board has jurisdiction over a request for review of an arbitration decision when the following conditions are met: (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued. *Scanlin*, 2022 MSPB 10, ¶ 4; 5 C.F.R. § 1201.155(a)(1), (c).

Applying this jurisdictional standard, we conclude that the appellant has not established Board jurisdiction over her request for review of the arbitrator's decision because she has not raised a claim of discrimination under 5 U.S.C. § 2302(b)(1). Discrimination claims included under 5 U.S.C. § 2302(b)(1) are those based on race, color, religion, sex, national origin, disability, and age; claims of reprisal for engaging in protected equal employment opportunity activity; and claims of discrimination based on marital status or political affiliation. In her request for review, the appellant asserts generally that the agency used bullying and harassment tactics and engaged in prohibited personnel practices, but she has not alleged, nor alluded to, discrimination prohibited by section 2302(b)(1). RFR File, Tab 1 at 6. Her responses to the acknowledgment order, in which she was informed of this jurisdictional requirement, also contain no allegations of discrimination. RFR File, Tab 5 at 3, Tab 8 at 3.

Moreover, as it appears the appellant's governing collective bargaining agreement allows for claims of discrimination to be raised in a grievance proceeding, the appellant is required to show that she raised a claim of

discrimination before the arbitrator to establish Board jurisdiction. RFR File, Tab 1 at 106; *see Scanlin*, 2022 MSPB 10, ¶ 4. The appellant has not argued that she raised a discrimination claim during arbitration, and the arbitrator's decision, which provides a lengthy summary of the position of the union but contains no mention of a discrimination claim, is strong evidence that she did not. RFR File, Tab 1 at 322-24.

Accordingly, we find that the appellant has failed to meet her burden of proving that the Board has jurisdiction over her request for review. The appellant's request for review of the arbitrator's decision is dismissed for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.