**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KENYA FRAZIER,<br>　　　　　Appellant, | DOCKET NUMBER<br>CB-7121-21-0020-V-1 |
| v. | |
| SOCIAL SECURITY<br>　　ADMINISTRATION,<br>　　　　　Agency. | DATE: May 2, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Suzanne Pillari, Esquire, Syracuse, New York, for the appellant.

Jean Del Colliano, Esquire, and Shira Siskind, Esquire, New York, New
　　York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a request for review of an arbitration decision upholding her 60-day suspension. For the reasons set forth below, we DISMISS the request for review for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

Effective December 9, 2020, the agency suspended the appellant from her position as a Claims Specialist for 60 days based on the charge of conduct unbecoming a Federal employee. Request for Review (RFR) File, Tab 1 at 55-60, 62-68. The appellant's union filed a grievance on her behalf, which the agency denied; thereafter, the appellant invoked arbitration. *Id.* at 70-71, 73. Following a 2-day hearing, the arbitrator issued an August 25, 2021 decision finding that the agency proved its charge and upholding the appellant's 60-day suspension. *Id.* at 233-62.

On September 24, 2021, the appellant filed a request for review of the arbitrator's decision with the Board.[2] *Id.* at 1-32. Among other things, the appellant asserted that the Board has jurisdiction to review the arbitration decision because she raised "issues under [] Article 18" of the applicable collective bargaining agreement (CBA), which pertains to equal employment opportunity matters, both on her "Standard Grievance Form" and "in the Union's requested findings in the associated Post-Hearing Brief." *Id.* at 9-11, 70, 267-75. The agency has filed a response asserting, among other things, that the Board lacks jurisdiction over the matter because the appellant failed to raise a claim of discrimination before the arbitrator. RFR File, Tab 3 at 14-15.

**ANALYSIS**

As explained in our acknowledgment order, it is the appellant's burden to prove that the Board has jurisdiction over this matter by preponderant evidence. RFR File, Tab 2 at 2-3; *see* 5 C.F.R. § 1201.56(b)(2)(i)(A). As further explained,

---

[2] The appellant initially filed her request with the Board's Northeastern Regional Office; however, it was thereafter transferred to the New York Field Office. *Frazier v. Social Security Administration*, MSPB Docket No. PH-0752-21-0366-I-1, Initial Appeal File, Tab 1, Tab 5, Initial Decision (ID) at 2 n.1. On September 30, 2021, an administrative judge in the New York Field Office issued an initial decision forwarding the matter to the Office of the Clerk of the Board for redocketing as a request for review of the arbitrator's decision. ID at 2. The matter was thereafter redocketed. RFR File, Tab 2 at 1.

the Board has jurisdiction over a request for review of an arbitration decision when the following conditions are met:

> (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued.

RFR File, Tab 2 at 2; *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd sub nom. Jones v. Merit Systems Protection Board*, 589 F. App'x 972 (Fed. Cir. 2014); *see* 5 C.F.R. § 1201.155(a)(1), (c).

Here, we find, and neither party disputes, that conditions (1)[3] and (3) are satisfied; however, we conclude that the appellant failed to meet her burden concerning condition (2). As stated, the appellant alleges that she raised a claim of discrimination before the arbitrator by raising Article 18 of the CBA on both her "Standard Grievance Form" and in her arbitration closing brief. RFR File, Tab 1 at 10-11. The appellant's reliance on her grievance form, however, is misplaced. Indeed, to satisfy condition (2), it was incumbent upon the appellant to prove that she raised discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator.[4] *See Jones*, 120 M.S.P.R. 480, ¶ 8; *see also Scanlin v. Social Security Administration*, 2022 MSPB 10, ¶ 5 (finding unavailing the appellant's assertion that she had raised a claim of disability discrimination in her grievance with the

---

[3] The appellant's 60-day suspension, which was the subject matter of the grievance, is an action appealable to the Board under chapter 75 of title 5 of the United States Code. 5 U.S.C. §§ 7512(2), 7513(d).

[4] With her request for review, the appellant provided a copy of the arbitration hearing transcript, which indicates that she submitted her grievance form into evidence before the arbitrator. RFR File, Tab 1 at 70, 181. We find, however, that the appellant's submission of this form does not warrant a different outcome. Indeed, the grievance form only generally references discrimination and equitable treatment. *Id.* at 70. Moreover, the appellant did not explain why she was submitting the form into evidence.

agency because the jurisdictionally dispositive issue was whether she had raised discrimination with the arbitrator).

Regarding her arbitration closing brief, the appellant avers that she "raised issues under [] Article 18 (Equal Employment Opportunity [])," and, therefore, raised a claim of discrimination under 5 U.S.C. § 2302(b)(1). RFR File, Tab 1 at 10-11. The appellant provides the Board with a copy of her arbitration closing brief. *Id.* at 210-31. In this brief, the appellant requested that the arbitrator find that the agency had violated the subject article of the CBA and stated that, if it was "determined that the [a]gency acted in a discriminatory manner and in retaliation against the [appellant] in violation of Article 18 or otherwise for her [u]nion membership and/or protected class status, the [a]rbitrator is asked to consider and award compensatory damages as appropriate pursuant to the applicable EEOC retaliation provisions." *Id.* at 211-12, 267-75. We find that the appellant's vague references to discrimination and retaliation vis-à-vis Article 18 do not show that she raised a discrimination claim under 5 U.S.C. § 2302(b)(1) with the arbitrator, as required. *See Scanlin*, 2022 MSPB 10, ¶ 6 (concluding that the appellant failed to raise a claim of discrimination with the arbitrator when she generally referenced discrimination but failed to address the issue in a substantive way). Indeed, the appellant's brief did not explain the "protected class status" to which she referred or otherwise identify the basis of her purported discrimination claim. RFR File, Tab 1 at 212. To the extent she sought to allege that the agency had discriminated and/or retaliated against her on the basis of her union membership, *id.*, her claim would not fall under the purview of 5 U.S.C. § 2302(b)(1), as required, *see* 5 U.S.C. § 2302(b)(1)(A)-(E). Accordingly, we find the appellant's arguments unavailing.[5]

---

[5] Although not raised in her request for review, the appellant also requested in her closing brief that the arbitrator find that the agency had violated Article 3 of the CBA, which pertains to "Employee Rights." RFR File, Tab 1 at 211, 277-79. Regarding her Article 3 claim, the appellant stated as follows: "the Grievant is a Bargaining Unit Employee, whose status as both an employee and as a minority class must be afforded fair *and* equitable treatment." *Id.* at 214 (emphasis in original). Again, however, the

With her request for review, the appellant also included the arbitration decision, which fails to address discrimination under 5 U.S.C. § 2302(b)(1) in any substantive way.[6] RFR File, Tab 1 at 233-62. In the decision, the arbitrator summarized the issues before him as follows: "Did the Agency have just cause, and will it promote the efficiency of the Service, to issue Grievant a 60-day suspension and, if not, what shall by the remedy?" *Id.* at 235. At the hearing, the appellant's counsel provided a similar recitation of the issues. *Id.* at 78. The appellant's counsel neither identified nor discernably elicited any further details about the discrimination claim(s) presented to the arbitrator.

Accordingly, we find that the appellant has failed to meet her jurisdictional burden of proving that she raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action. We find that, because the appellant could have raised a discrimination claim before the arbitrator but has not proven that she did so, the Board lacks jurisdiction over her request for review.

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

---

appellant's brief did not elaborate on this apparent claim, despite having provided substantive argument on other issues, to include how the agency had violated Article 9 by failing to foster a safe work environment. *Id.* at 230-31; *see Scanlin*, 2022 MSPB 10, ¶ 6 (reasoning that the appellant's arbitration closing brief did not show that she had raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) in part because the brief contained substantive and lengthy arguments on certain issues but did not elaborate on the appellant's generic reference to discrimination).

[6] The arbitration decision references the appellant having alleged that her discipline was "motivated by impermissible considerations," RFR File, Tab 1 at 256; however, we are unable to discern the basis for this statement and, therefore, whether the "impermissible considerations" pertained to a claim of discrimination under section 2302(b)(1).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.