UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DONNA D. PARRISH, | DOCKET NUMBER |
| Appellant, | AT-0432-22-0653-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: August 9, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Donna D. Parrish, Douglasville, Georgia, pro se.

Ayoka Campbell Davis, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of the denial of a within grade increase (WIGI) followed by a chapter 43 removal. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the determination

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

that the Board lacks jurisdiction over the appellant's removal, AFFIRM AS MODIFIED the finding that the Board lacks jurisdiction to review the arbitrator's decision denying the grievance of her removal, REVERSE the finding that the Board lacks jurisdiction over the WIGI denial, and REMAND the case to the Atlanta Regional Office for further adjudication of the appellant's WIGI denial in accordance with this Remand Order.

## BACKGROUND

¶2    Prior to the appellant's removal, the agency's Administration for Children and Families (ACF) in the Immediate Office of the Regional Administrator (IORA) employed her as a GS-13 Program Specialist in Atlanta, Georgia.  Initial Appeal File (IAF), Tab 1 at 1, Tab 75 at 52-58.  On May 29, 2018, the agency denied the appellant's WIGI and advised her of her right to request reconsideration.  IAF, Tab 59 at 40-44.  The appellant requested reconsideration of the denial of her WIGI in June 2018.  *Id.* at 39, 45.  On September 5, 2018, the National Treasury Employees Union (NTEU) filed a grievance of the WIGI denial.  IAF, Tab 1 at 7-11.  The agency denied the appellant's reconsideration request by memorandum dated September 28, 2018.  IAF, Tab 59 at 32-33.  The memorandum stated that the appellant had "the right to challenge this action by appealing to binding arbitration, with NTEU concurrence."[2]  *Id.* at 32.

¶3    In the meantime, on August 9, 2018, the agency placed the appellant on a performance improvement plan (PIP).  IAF, Tab 15.  On November 19, 2018, the agency proposed the appellant's removal for unacceptable performance pursuant to 5 U.S.C. chapter 43.  IAF, Tab 13 at 5-14.  Ten days later, the appellant filed an equal employment opportunity (EEO) complaint regarding, in relevant part, the proposed removal and denial of the WIGI.  IAF, Tab 28 at 218-19.  She also

---

[2] The appellant responded on October 28, 2018, indicating that she intended to seek binding arbitration.  IAF, Tab 59 at 34-35.  However, the appellant asserted below, and the agency does not dispute, that the NTEU did not agree with her request to proceed to arbitration.  IAF, Tab 83 at 15, Tab 90 at 5.  Further, there is no evidence in the record that the WIGI denial was actually arbitrated.

responded to the deciding official regarding her proposed removal on December 10, 2018. IAF, Tab 12 at 5, Tab 40 at 256-58. On January 7, 2019, the agency issued a decision removing the appellant effective January 11, 2019. IAF, Tab 12 at 5-7. In doing so, it advised the appellant that she could elect only one of the following methods to challenge her removal: an appeal with the Board, grievance arbitration, a formal EEO complaint, or an Office of Special Counsel (OSC) complaint. *Id.* at 5-6. The agency further noted that once she filed in one of these fora, she was precluded from seeking review in the others. *Id.* at 6. The NTEU invoked arbitration on February 6, 2019. IAF, Tab 27 at 7, Tab 28 at 253.

¶4 At some point in the processing of the appellant's EEO complaint, the agency merged her proposed removal into the removal decision. IAF, Tab 54 at 73, 97. On July 26, 2019, the agency issued a final agency decision (FAD) regarding, as relevant here, her removal. *Id.* at 68, 86. It found that the appellant failed to show that her removal was motivated by discrimination or EEO reprisal. *Id.* at 84. The FAD informed the appellant that she could "appeal the decision to the [Board], not to the Equal Employment Opportunity Commission (EEOC), within 30 calendar days of receipt this [FAD]." *Id.* at 84 (emphasis in original). The FAD provided guidance regarding how to file a Board appeal. *Id.* at 84-85.

¶5 Notwithstanding this statement in the FAD regarding her appeal rights, the appellant subsequently appealed the agency's FAD to the EEOC's Office of Federal Operations (OFO). *Id.* at 95. In a decision issued in November 2019, OFO found that, as it concerned the appellant's removal, the July 26, 2019 FAD properly informed the appellant that her right to appeal was before the Board, not the EEOC, and OFO "advised [her] to file an appeal with the [Board] as soon as possible on her removal." *Id.* at 99.

¶6 The agency addressed the appellant's WIGI denial in a subsequent August 30, 2022 FAD. IAF, Tab 54 at 5-6. The FAD concluded that, because NTEU had already filed a grievance on the appellant's behalf for the denial of the WIGI such a claim would typically be dismissed, but that due to an "unresolved

question" of whether the grievance was timely filed under the grievance procedure, the WIGI claim would be considered. *Id.* at 7-8. Ultimately, the FAD found that the agency did not discriminate against the appellant. *Id.* at 32. The appellant then filed the instant appeal with the Board. IAF, Tab 1 at 1.

¶7 As to the January 7, 2019 decision to remove the appellant, NTEU invoked arbitration on her behalf. IAF, Tab 28 at 253. The applicable collective bargaining agreement (CBA) permitted the NTEU to pursue a claim of discrimination. IAF, Tab 14 at 12, 223. Although it appears the NTEU initially raised a discrimination claim before the arbitrator, it later withdrew it. IAF, Tab 14 at 12, 223, Tab 28 at 255. On September 20, 2021, the arbitrator denied the appellant's grievance after a hearing. IAF, Tab 14 at 5-30. In his decision, the arbitrator stated summarily that, "There was no credible evidence of any animus, discrimination, retaliation, or other improper conduct." IAF, Tab 14 at 29. However, he did not identify the type of discrimination or retaliation he was addressing. *Id.* Although he provided a list of the issues before him, discrimination and retaliation were not among them. *Id.* at 6. The appellant sought review in the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which affirmed the arbitrator's decision. *Parrish v. Department of Health and Human Services*, No. 2022-1170, 2022 WL 17495909 (Fed. Cir. Dec. 8, 2022).

¶8 In September 2022, the appellant filed the instant Board appeal challenging her WIGI denial and removal. IAF, Tab 1 at 2, 77. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 91, Initial Decision (ID) at 1, 7. The appellant did not request a hearing and the decision was issued on the written record. IAF, Tab 1 at 1; ID at 1. The administrative judge found that the appellant elected to grieve both the WIGI denial and her removal through the negotiated grievance procedure. ID at 3-6. He further concluded that, to the extent the appellant was seeking review of the

arbitrator's decision, such review was collaterally estopped based on the Federal Circuit decision. ID at 6-7.

¶9      On review, the appellant disputes that she elected to file a grievance of either her WIGI denial or removal. PFR File, Tab 1 at 4-5, 7, 10. She also argues that collateral estoppel does not bar the Board's review of the arbitrator's decision upholding her removal because the parties did not present her discrimination claims to the arbitrator for a decision. *Id.* at 4-6, 8. The agency has responded to the petition for review, and the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We agree with the administrative judge that the appellant made a binding election to challenge the removal decision through the grievance arbitration process.</u>

¶10     The administrative judge found that the Board lacks jurisdiction to review the appellant's removal because she made a binding election to proceed through the arbitration process. ID at 4-6. The appellant argues that she timely filed an appeal under 5 U.S.C. § 7702 from the agency's FAD. PFR File, Tab 1 at 4-5. We are not persuaded.

¶11     Under 5 U.S.C. § 7121(d), an employee who is subject to a CBA and has been affected by an action appealable to the Board that she alleges resulted from EEO discrimination or reprisal which also falls under the coverage of the negotiated grievance procedure, can elect to raise the matter under a statutory procedure or the negotiated procedure, but not both. *Galloway v. Social Security Administration*, 111 M.S.P.R. 78, ¶ 14 (2009); *see* 29 C.F.R. § 1614.302(b) (containing the EEOC's regulation on mixed-case complaint forum election). The employee elects one of these options based on the forum in which she first timely files. 5 U.S.C. § 7121(d). The statutory procedures contemplated by section 7121(d) include a direct appeal to the Board or the filing of an EEO complaint followed by a Board appeal. *Galloway*, 111 M.S.P.R. 78, ¶ 14; *see Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶¶ 8-9 (2014) (discussing the

statutory procedures for challenging an appealable action when the employee raises a claim of discrimination).  Thus, the employee's choice of forum under section 7121(d) is the negotiated grievance procedure, a Board appeal, or a formal EEO complaint followed by a Board appeal.  *Galloway*, 111 M.S.P.R. 78, ¶ 14.  An election to file a grievance is effective and deprives the Board of jurisdiction over the grieved action if the employee receives adequate notice of her election rights and timely files her grievance.  *Kirkwood v. Department of Education*, 99 M.S.P.R. 437, ¶ 15 (2005) (addressing an election under 5 U.S.C. 7121(e)).

¶12     Here, the agency advised the appellant of her options to challenge her January 2019 removal in the EEO process, before the Board, or through arbitration.  IAF, Tab 12 at 5-6.  It also advised her that "[o]nce [she] had elected one of these procedures, [she could] not change thereafter to a different procedure," and informed her of the deadlines for filing in the EEO and Board processes.  *Id.*  On February 6, 2019, the NTEU timely invoked arbitration regarding the appellant's removal.  IAF, Tab 14 at 223, 230, Tab 27 at 7, Tab 28 at 253.  Although the appellant had previously filed an EEO complaint regarding her proposed removal, she did not raise the agency's removal decision in the EEO process.  IAF, Tab 28 at 218-19, Tab 54 at 20.  On review, the appellant does not assert that her election to proceed to arbitration was involuntary or unknowing.  We agree with the administrative judge that this election was binding.

¶13     The appellant argues on review that she timely filed her Board appeal after receiving the agency's August 30, 2022 FAD.  PFR File, Tab 1 at 4-5.  Because the appellant had previously elected to proceed through the negotiated grievance process, and not the statutory process, we lack jurisdiction over her later-filed

Board appeal of her removal.[3] Therefore, we affirm the administrative judge's finding that the Board lacks jurisdiction over the appellant's removal.

<u>We agree with the administrative judge that Board lacks jurisdiction to review the arbitration decision under 5 U.S.C. § 7121(d) but modify his reasoning.</u>

¶14    The administrative judge found that the Board lacks jurisdiction to review the arbitrator's decision denying the appellant's removal grievance because she had already litigated her removal before the Federal Circuit. ID at 1, 6-7. The appellant disagrees, arguing that her discrimination claim has not yet been addressed. PFR File, Tab 1 at 9-10. We agree with the administrative judge that the Board lacks jurisdiction over this matter but modify his reasoning.

¶15    Collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). The issue of the Board's jurisdiction to review the arbitration decision was not determined by the Federal Circuit. Instead, it affirmed the arbitrator's decision to deny the grievance on the merits, finding that substantial evidence supported his findings. *Parrish*, 2022 WL 17495909, at *2-*4. Because

_____

[3] We decline to determine whether the appellant timely appealed her removal because we lack jurisdiction over that action due to her prior election to proceed through the negotiated grievance procedure. *See Peterson v. Department of Health & Human Services*, 50 M.S.P.R. 237, 240-41 (1991 (recognizing that the Board generally prefers to determine that it has jurisdiction over an appeal before proceeding to the issue of timeliness), *aff'd per curiam*, 976 F.2d 747 (Fed. Cir. 1992). However, we observe that the August 30, 2022 FAD did not address the agency's removal decision. IAF, Tab 54 at 5-6, 20. The agency addressed the appellant's removal in its earlier FAD, issued on July 26, 2019, and advised the appellant of her right to appeal to the Board within 30 days. *Id.* at 68, 84-86; *see* 5 C.F.R. § 1201.54(b)(1) (setting forth the deadline for filing a Board appeal from receipt of a FAD as 30 days). The appellant instead appealed to OFO, which again advised her that her right to appeal was with the Board, not the EEOC. *Id.* at 95, 99. The November 26, 2019 OFO decision advised the appellant to file a Board appeal "as soon as possible." *Id.* at 99. Thus, any filing period would have expired in 2019, long before the appellant filed the instant appeal approximately 3 years later.

the Federal Circuit did not address the Board's jurisdiction, there is no jurisdictional decision to which we can give collateral estoppel effect.

¶16       Nonetheless, the Board lacks jurisdiction over the arbitration review claim. Once an employee who has elected to proceed through the negotiated grievance procedure receives an arbitration decision, she may seek review of that decision by the Board under 5 U.S.C. § 7121(d).  The Board has jurisdiction over a request for review of an arbitration decision under 5 U.S.C. § 7121(d) when the following conditions are met:  (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of EEO discrimination or reprisal with the arbitrator in connection with the underlying action, or (ii) raises a claim of EEO discrimination or reprisal in connection with the underlying action for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued.  *Scanlin v. Social Security Administration*, 2022 MSPB 10, ¶ 4; 5 C.F.R. § 1201.155(a)(1), (c).

¶17       Here, we need not address whether conditions (1) and (3) are satisfied because we find that the appellant did not meet her burden concerning condition (2).  The CBA provides that discrimination claims "may be raised under this negotiated [grievance] procedure."  IAF, Tab 14 at 12, 223.  As noted above, it appears the NTEU initially raised a discrimination claim before the arbitrator but later withdrew it.  IAF, Tab 28 at 255.  In his decision, the arbitrator did not include discrimination or retaliation in the list of issues before him.  IAF, Tab 14 at 6.  His general statement in his decision that there was no evidence of discrimination or retaliation is not sufficient for us to conclude that the appellant presented her EEO claims for a decision by the arbitrator or that he, in fact, decided them.  IAF, Tab 14 at 29; *see Scanlin*, 2022 MSPB 10, ¶¶ 5-6 (finding that an appellant did not prove that she raised a race discrimination claim before an arbitrator based on evidence that she generally questioned whether the agency's action was discriminatory and later received an arbitration decision that

did not address discrimination in any substantive way). On review to the Federal Circuit, the appellant submitted a statement confirming that her "EEO claims were not included in the arbitration case." IAF, Tab 22 at 5, 13. Further, on review the appellant does not dispute the arbitrator's determination that the NTEU withdrew a discrimination claim. PFR File, Tab 1 at 9-10.

¶18     We find that, because the appellant could have raised a discrimination claim before the arbitrator but has not proven that she did so, and instead the record reflects she withdrew such a claim, the Board lacks jurisdiction over her request for review.[4] We modify the initial decision accordingly.

The appellant's WIGI denial claim must be remanded for adjudication on the merits.

¶19     The administrative judge found that the appellant made a valid election to pursue her grievance remedy as to her WIGI denial. ID at 3-4. The appellant argues on review that she elected the EEO process followed by a Board appeal. We agree.

¶20     The Board may have jurisdiction over a reconsideration decision denying a General Schedule employee a WIGI due to the agency's negative determination of competence. 5 U.S.C. § 5335(a)(B), (c); 5 C.F.R. § 531.410(d). An employee is ordinarily not entitled to appeal the denial of a WIGI to the Board unless she first has timely sought and received a reconsideration decision from the agency. 5 U.S.C. § 5335(c); *Goines v. Merit Systems Protection Board*, 258 F.3d 1289, 1292-93 (Fed. Cir. 2001). On May 29, 2018, the appellant received notice that she would not receive a WIGI due to unacceptable performance.[5] IAF, Tab 59

---

[4] Due to our finding on jurisdiction, we need not address the timeliness of the request for review. To the extent that the appellant argues on review that the parties failed to submit prehearing briefs to the arbitrator, we lack jurisdiction to address this claim. PFR File, Tab 1 at 9-10; IAF, Tab 28 at 256-57.

[5] We have considered whether the appellant's performance during the period at issue in her WIGI denial was previously adjudicated by the arbitrator or the Federal Circuit in connection with her removal. However, it was not. IAF, Tab 14 at 5-30; *Parrish*, 2022 WL 17495909. Nor was the period of performance at issue the same for the WIGI denial and removal. The WIGI denial notice stated that the rating period at issue

at 40-44. The appellant sought reconsideration of the WIGI denial, and she received a reconsideration decision from the agency on September 28, 2018. *Id.* at 36-39, 45, 51.

¶21 As with her removal, an appellant's challenge to her WIGI denial, which is accompanied by an allegation of discrimination, is subject to the election procedures of 5 U.S.C. § 7121(d) discussed above. *See Brookins v. Department of the Interior*, 2023 MSPB 3, ¶ 6 (recognizing that under 5 U.S.C. § 7121(d), an appellant raising an EEO claim may challenge his WIGI denial under a negotiated grievance procedure or a statutory procedure). Thus, the employee's choice of forum under section 7121(d) is the negotiated grievance procedure, a Board appeal, or a formal EEO complaint followed by a Board appeal. *Galloway*, 111 M.S.P.R. 78, ¶ 14; *see Miranne*, 121 M.S.P.R. 235, ¶¶ 8-9. Here, the appellant is a bargaining unit employee covered by a CBA with a negotiated procedure that includes WIGI denials and permits the grievant to raise a claim of discrimination. IAF, Tab 14 at 31, 142-44, 221-23.

¶22 The administrative judge concluded that the appellant elected to pursue her WIGI denial through the grievance process. ID at 5-6. An agency's failure to provide proper notice of the "potential avenues of recourse" and of the limitations on those rights precludes finding that the employee has made a knowing and informed election and thus renders it invalid. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶¶ 15-16 (2013). Here, the appellant did not receive proper notice of her election rights. The agency's May 29, 2018 WIGI denial letter did not notify the appellant of how she might challenge her WIGI denial, other than to advise her that she could request reconsideration from the agency. IAF, Tab 59 at 43. Therefore, the NTEU's September 5, 2018 grievance was not a valid election to pursue the WIGI denial in that forum. IAF, Tab 1 at 7-11. In any

covered January 1 through May 21, 2018. IAF, Tab 59 at 40. The proposed removal cites the denial of the WIGI as an example of the alleged ongoing performance deficiencies, but was based on a determination that the appellant's performance was unacceptable during the PIP, from August 9 to October 9, 2018. IAF, Tab 13 at 5-13.

event, at the time the NTEU filed its grievance, the appellant had not yet received a reconsideration decision, which is prerequisite to Board jurisdiction and thus to a valid election. *See Douglass v. Department of Transportation*, 60 M.S.P.R. 1, 3-5 (1993) (finding that an appellant's filing of an OSC complaint regarding her removal while her proposed removal was pending but before the agency issued its removal decision did not bar her subsequent direct appeal of her removal to the Board because when she filed her OSC complaint the Board did not yet have jurisdiction).

¶23    The agency's September 28, 2018 denial of the appellant's reconsideration request only stated that the appellant had "the right to challenge this action by appealing to binding arbitration, with NTEU concurrence." IAF, Tab 59 at 32-33. It did not notify her of her right to seek EEO counseling or to file an appeal of the WIGI denial to the Board. *Id.* at 32. Therefore, we find that the appellant received insufficient notice of her appeal rights and that the election to grieve her WIGI denial was not valid. *See* 5 C.F.R. § 531.410(d) (requiring an agency to provide an employee with notice of Board appeal rights upon denying a request for reconsideration of a WIGI denial).

¶24    Under 5 C.F.R. § 1201.154(b)(1), if an appellant has filed a timely formal complaint of discrimination with her agency relating to or stemming from an action that can be appealed to the Board, also known as a mixed-case complaint, an appeal to the Board must be filed, as relevant here, within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue. *McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, ¶¶ 10, 12 (2008).

¶25    The appellant filed a formal EEO complaint on November 29, 2018. IAF, Tab 54 at 6. The FAD regarding her WIGI denial was issued on August 29, 2022. *Id.* at 5-8, 36. The appellant asserted on her Board appeal form, and the agency does not dispute, that she received the FAD the following day. IAF, Tab 1 at 2.

The appellant transmitted her Board appeal via FedEx on September 28, 2022.[6] *Id.* at 77. Therefore, her appeal was timely filed within 30 days of her receipt of the agency's FAD. *See* 5 C.F.R. § 1201.154(a), (b)(1). Accordingly, we find that the Board has jurisdiction over her WIGI denial and reverse the administrative judge's finding to the contrary.

## ORDER

¶26    For the reasons discussed above, we remand this case to the regional office for further adjudication of the merits of the appellant's WIGI denial in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:      _____
                                 Gina K. Grippando
                                 Acting Clerk of the Board

Washington, D.C.

---

[6] To the extent the appellant alleges on review that she filed the instant appeal on December 9, 2022, a review of our records indicates that her Board appeal was filed on September 28, 2022. PFR File, Tab 1 at 9; IAF, Tab 1 at 1, 77; *see* 5 C.F.R. § 1201.4(*l*) (providing that the date of filing by commercial delivery is the date the document was delivered to the commercial delivery service).